Jam and Smudge Free Printing
Use Avery® TEMPLATE 5162®
www.avery.com
1-800-GO-AVERY
AVERY® 5162®

Tera Chaney Tera Chaney
(Present and Prior Names)

97521-079 97521-079
(Institutional Register No.)

RT 37 Pembroke Station Danbury / Conn 06811
FCI Danbury
(Address and Name of Institution Where Presently Incarcerated)

RECEIVED
APR 2 8 2005
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
FOR THE New Haven DISTRICT OF Connecticut

Tera Yavette Chaney
(Full and Correct Name)

Plaintiff,

v.

CASE NO. 3:05CV687(CFD)
(To be supplied by the Clerk)

William 3. Willingham, Warden Suzanne Bshara
Officer Bshara UDC hearing officer
Lieutenant Wilson

Defendant(s).

INFORMA PAUPERIS

COMPLAINT PURSUANT TO 28 U.S.C. § 1331

A. JURISDICTION

1) Tera Chaney
Tera Chaney (Plaintiff) presently resides at RT 37 Pembroke Station Danbury /Conn 06811 FCI Danbury
(Mailing address or place of confinement)
Federal Correctional Institution

2) Defendant William Willingham Warden
(Name of first defendant)
presently resides at RT 37 Pembroke Station Danbury Conn 06811
and is employed as Warden
(Position and title, if any)

At the time the claim(s) alleged in this complaint arose, was this defendant acting in his official capacity as an employee of the United States?

Yes XX No ______ Explain: Warden failed to issue a proper response to appellate procedures of disciplinary sanction after Plaintiff's Constitutional Rights had been violated.

1-800-GO-AVERY
AVERY® 5162®
Utilisez le gabarit 5162®

3) Defendant Suzanne Bshara
Mrs. Bshara
(name of second defendant) presently resides at Rt
37 Pembroke Station Danbury Conn 06811
(present address)
employed as UDC HEARING OFFICER
~~UDC hearing Officer~~
(Position and title, if any) and is. At the time the claim(s) alleged in this complaint arose was this defendant acting in his official capacity as an employee of the United States? Yes XX No ____ Explain: UDC failed to call Plaintiff witnesses in mitigation of the sanction in violation of program statement 5270.07 Chap 4 pg 18 section c Effective 11-3-97

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. (If you wish to assert jurisdiction under additional statutes, you should list them below, and explain their significance.)

## B. NATURE OF THE CASE

1) Briefly state the background of your case. Plaintiff was unethically harassed for a head scarf that 25 other inmates had on and written a shot by Lieutenant Wilson with a untrue statement on the disciplinary shot. Plaintiff was scheduled to a hearing by DHO on 9-28-04. On 10-20--04 DHO passed the shot as frivolous without a hearing back to UDC and Defendant, was sanctioned without witness being called in violation of program statement 5270.07 Chap 4 pg 18 section c (Witnesses are liberally accepted.) Plaintiff did not waive rights to witnessiss to be called. Plaintiff did submit names of requested witness and requested them to be called to testify. UDC failed to call defendant's witness in mitigation of the sanction . Plaintiff states no other staff member's witnessed the alleged incident. See Program Statement 5270.07 Chap 6 pg 1 sec 1 Plaintiff claims professional misconduct was demonstrated by Lieutenant Wilson for unehtical harrasssment and false statement on the disciplinary shot. The ;unethical harrassment and false statement was beyond moral turpitude.

UDC failure to call witness to the disciplinary hearing violated Constitutional Rights of Prisoners 8.1 8.2 8.3 8.3.4 pg 172 See Wolff v. McDonnell 418 US at 571 (1974) See Baxter v. Palmigiano 510 F2d 534 (1st Cir 1974) pg 158 Constitutional Rights of Prisoners (2). Plaintiff was denied the privilege of cross examining or confronting witnesses and failed to receive written notice of reason of the denial. Plaintiff was deprived of procedural due process rights.

C. CLAIM(S)

1) I allege that my claim(s) arises under the Constitution or laws of the United States and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts. Do not attach copies of pleadings, or briefs from other cases or other memoranda unless requested by the Court.)

A)(1) Count I: ± 8.1 ±8.2 ±8.3 ±8.3.4 pg 173 Constitutional Rights of Prisoners

±±

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

Defendant was sanctioned without witness being called. UDC failed to call witness in mitigation of the sanction. Defendant did submit names of requested witnesses to the alledged incident. Witnesses were available..

UDC hearing officer Bshara mitigated the sanction. Warden failed to administer a proper decision in appeallate procedure.

B)(1) Count II: ______

(2) Supporting facts:

C)(1) Count III: ____________________

(2) Supporting facts:

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF N/A

1) List all other lawsuits you have filed in any federal or state court as well as any criminal action which in any way relates to the claim(s) involved in this action.

a) Parties to previous lawsuit

Plaintiffs: ____________________

Defendants: ____________________

b) Name of court and docket number ____________________

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) ____________________

d) Issues raised ____________________

e) Approximate date of filing lawsuit ____________________

f) Approximate date of disposition ____________________

a) Parties to previous lawsuit

Plaintiffs: ____________________

Defendants: ____________________

b) Name of court and docket number ____________________

____________________

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) ____________________

____________________

d) Issues raised ____________________

e) Approximate date of filing lawsuit ____________________

f) Approximate date of disposition ____________________

a) Parties to previous lawsuit

Plaintiffs: ____________________

Defendants: ____________________

b) Name of court and docket number ____________________

____________________

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) ____________________

____________________

d) Issues raised ____________________

e) Approximate date of filing lawsuit ____________________

f) Approximate date of disposition ____________________

(attach additional sheets as necessary to complete Part D)

6.

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C. Yes xx No ______ If your answer is "Yes," briefly describe how relief was sought and the results. If your answer is "No," briefly explain why administrative relief was not sought.

BP 9-10-and 11 Plaintiff exhausted adminsistrative remedies

E. REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

Expungement of disciplinary Sanction Plaintiff is entitled to an award of monetary damages in order to redress depriva-tions of her constitutional rights. see 11.6.3 Monetary Damages Constitutional Rights of Pris oners pg 296-297 Plaintiff seeks compensation for nominal damages see Cruz v. Beto 453 F. Supp 905 (S.D. Texas 1976)

Vera Chaney
Signature of ~~Attorney~~ (if any)
PRO SE

DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify, or state) under penalty of perjury that the foregoing [Complaint] is true and correct. 28 U.S.C. § 1746; 18 U.S.C. §§ 1621, et seq.

Executed at FCI Danbury Conn (Location) on April 19, 2005 (Date), 2005.

Vera Chaney
(Signature of Plaintiff)

TERA YEVETTE CHANEY, 97521-079
DANBURY FCI UNT: E QTR: E06-004U
ROUTE 37
DANBURY, CT 06811

[illegible]EN'S OFFICE
2005 APR 14 A 10 08
[illegible]BURY, CT

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal** CHANEY

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Tera Chaney (LAST NAME, FIRST, MIDDLE INITIAL) 97521-079 (REG. NO.) 5E (UNIT) Danbury (INSTITUTION)

**Part A—REASON FOR APPEAL** Defendant failed to receive appropriate response from Regional Director on defendant sB-10 response. Defendant was unethically harrassed for a head scarf that 25 other inmates has on and written a shot by Lieutenant Wilson with a untrue statement on the disciplinary shot. Defendant was scheduled to a hearing by DHO on 9-28-04. On 10-20-04 DHO passed the shot as frivolous (without a hearing) back to UDC and Defendant was sanctioned without witness being called in violation of program statement 5270.07 Chap4 pg 18 section C Effective 11-3-97 Witnesses are liberally accepted. Defendant did not waive rights to witnesses to alledged incident. Defendant did submit names of requested witnessess and requested them to be called to testify. Witnesses was reasonably available. UDC failed to call defendant's witnesses in mitigation of the sanction. Defendant states no other staff member';s witnessed the alleged incident. See Program Statement 5270.07 Chap 6 pg 1 section 1 CN-05 Sept 29, 1994. Defendant claims professional misconduct was demonstrated by Lieutenant Wilson for unethical harrassment and false statement on the disciplinary shot. The unethicsal harrassment and false statement was beyond moral turpitude. Defendant seeks relief from the disciplinary sanction imposed. Defendant states the previously filed Witness Affidavit was never returned from Regional Director.

7-14-05
DATE

T. Chaney
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 356761-A1

**Part C—RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN

BP-231(13)
APRIL 1982

**Administrative Remedy Response**
**CHANEY, Tera**
**Register Number 97521-079**

**Part B - Response 356761-F3**

This is in response to your administrative remedy in which you request an Incident Report for Refusing to Obey an Order of a Staff Member, Code 307 and Insolence Toward a Staff Member, Code 312, be removed from your record.

A review of your record indicates you received an Incident Report for Refusing to Obey an Order, Code 307, and Insolence Toward a Staff Member, Code 312, on September 24, 2004. This report was heard by the Unit Disciplinary Committee on September 28, 2004. The report was referred to the Discipline Hearing Officer, who remanded the report back to the UDC for hearing and you were subsequently found to have violated the prohibited acts. There is no indication of unethical harassment.

Therefore, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director at Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received by the Regional Office within 20 calendar days of the date of this response.

W. S. W[signature]
W. S. Willingham, Warden

11-30-04
Date

**CHANEY, Tera Yevette**
Reg. No. 97521-079
Appeal No. 356761-R2
Page One

**Part B - Response**

You appeal the October 20, 2004 decision of the Unit Discipline Committee (UDC) at FCI Danbury, finding you committed the prohibited acts of Refusing an Order and Insolence, Codes 307 and 312, Incident Report Number 1265257. You allege the UDC failed to call your witness and the reporting officer was harassing you. You seek to have the incident report expunged for lack of evidence.

A review of your appeal reveals you may not have received adequate notice of the UDC's decision and disposition rendered on October 20, 2004. Accordingly, this disciplinary action is being remanded for further clarification and rehearing if necessary. You will be notified of the date and time of further proceedings. After further proceedings, you may submit a new appeal to the Warden if you desire.

Date: January 21, 2005

D. SCOTT DODRILL
Regional Director

**Administrative Remedy No. 356761-A1**
**Part B - Response**

You appeal the October 20, 2004, decision of the Unit Discipline Committee (UDC) in which you were found to have committed the prohibited acts of Refusing to Obey an Order of Any Staff Member (code 307) and Insolence Towards a Staff Member (code 312).

Our review of this matter revealed that the Regional Director returned this matter to the institution for further clarification and rehearing, if necessary. Once additional action is taken regarding this matter, you must reinitiate the appeal process at the institution level.

This response is for informational purposes only.

March 29, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

Cell 10 East [illegible] 10122104

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: [illegible] — [illegible] — [illegible] — [illegible]
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A- INMATE REQUEST** Defendant was [illegible] harassed [illegible] Lieutenant Watson [illegible] a [illegible] incident [illegible] on the disciplinary shot [illegible] Defendant was [illegible] UDC [illegible] 23-04 [illegible] sanctioned without witness [illegible] Has a witness [illegible] the [illegible] incident (Chang [illegible] 16 Bed 2) [illegible] professional [illegible] Lieutenant Watson [illegible] false statements [illegible] disciplinary shot [illegible] Defendant seeks relief from the [illegible] shot

DATE: [illegible]

SIGNATURE OF REQUESTER: [signature]

**Part B- RESPONSE**

See attached

DATE

WARDEN ~~OR REGIONAL DIRECTOR~~

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**SECOND COPY: RETURN TO INMATE**

CASE NUMBER: 356761-F1

**Part C- RECEIPT**

CASE NUMBER:

Return to:
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

...ent of Justice

...au of Prisons

**Regional Administr[illegible]e Remedy Appeal**

[illegible]

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: [illegible] LAST NAME, FIRST, MIDDLE INITIAL — 87521-[illegible] REG. NO. — [illegible] UNIT — [illegible] INSTITUTION

**Part A—REASON FOR APPEAL** [illegible] [illegible] 4, 2004 [illegible] [illegible] that 2[illegible] [illegible] (without a hearing) [illegible] 270.07 [illegible] in violation of [illegible] [illegible] [illegible] conduct [illegible] 270.? [illegible] [illegible] disciplinary [illegible]

DATE

SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE

CASE NUMBER: 356?[illegible]

**Part C—RECEIPT**

CASE NUMBER: __________

Return to: __________
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: __________

DATE — SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982